

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| DORA STALEY,§<br>      Plaintiff,§<br>§<br>vs.§<br>§<br>U.S. DEPARTMENT OF JUSTICE and§<br>ATTORNEY GENERAL – MERRICK§<br>GARLAND, *in his official capacity*,§<br>      Defendants.§ | Civil Action No.: 3:22-4049-MGL |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND SUMMARILY DISMISSING PLAINTIFF'S COMPLAINT
WITHOUT PREJUDICE AND WITHOUT ISSUANCE AND SERVICE OF PROCESS**

Plaintiff Dora Staley (Staley), proceeding pro se, filed a complaint against Defendants U.S. Department of Justice (DOJ) and Attorney General Merrick Garland (Garland), alleging deprivation of her privacy rights under 18 U.S.C. §§ 241 and 242 and 42 U.S.C. § 1983, as well as the Universal Declaration of Human Rights Article 12 and tort law.  The Magistrate Judge also construes an alleged cause of action under *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

As an initial matter, the Report and Recommendation (Report) of the United States Magistrate Judge lists two Defendants—DOJ and Garland.  Upon review of the complaint, Staley refers to "Defendant," singular.  But, she includes allegations against both DOJ and Garland. Construing the complaint broadly, the Court agrees that Staley attempts to bring her claims against both the DOJ and Garland as separate Defendants.  *See also See Will v. Mich. Dep't of State Police*,

491 U.S. 58, 71 (1989) ("[A] suit against a [federal] official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.").

This matter is before the Court for review of the Report recommending the Court summarily dismiss the complaint without prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on December 9, 2022. Staley objected on December 29, 2022. The Court has reviewed the objections, but holds them to be without merit. It will therefore enter judgment accordingly.

Staley alleges that for that last seventeen years, the DOJ has failed to protect her from a corrupt Lexington County Sheriff and gang members who shoot at her and threaten her and her family. She also claims that DOJ has wiretapped and bugged her home and workplaces and placed listening devices in the homes of her neighbors, who listen to everything she does.

Many of Staley's objections are nonspecific and conclusory.

This Court need not conduct a de novo review of the record "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's

proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court reviews the Report and Recommendation only for clear error in the absence of specific objections. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record to accept the recommendation.") (citation omitted).

Many of Staley's objections amount to general contentions with the Report's findings, or merely repeat claims the Magistrate Judge properly considered and rejected. Inasmuch as the Court agrees with the Magistrate Judge's detailed treatment of those issues in its well-written and comprehensive Report, repetition of that discussion is unnecessary here.

Consequently, to the extent Staley neglects to make specific objections, and the Court has found no clear error, it need not make a de novo review of the record before overruling those objections and accepting the Magistrate Judge's recommendation.

Further, inasmuch as the Magistrate Judge warned Staley of the consequences of failing to file specific objections, Report at 6, she has waived appellate review as to those objections. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991) (holding general objections are insufficient to preserve appellate review).

But, Staley also makes several specific objections that merit discussion.

First, Staley contends the Magistrate Judge erred in conducting an initial review of her complaint because she has paid the filing fee.

The Court has the inherent authority to dismiss a frivolous complaint. *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 307–08 (1989) (reasoning Section 1915 "authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the

absence of this statutory provision."). The Magistrate Judge thus properly refrains from acting as a "zealous advocate" for Garland, even if she conducted an initial review of the complaint. Objections at 1.

The Magistrate Judge therefore properly considered Staley's complaint prior to service, and the Court will overrule this objection.

Second, in response to the Magistrate Judge's determination that Garland is generally immune to suits for damages in his official capacity, Staley argues Garland is exempt from Eleventh Amendment immunity. The Eleventh Amendment articulates immunity for state governmental entities and is thus inapplicable in this case.

As applicable here, the federal government is immune to suits for damages unless it has waived its sovereign immunity. *See Schillinger v. United States*, 155 U.S. 163, 166 (1894) ("The United States cannot be [su]ed in their courts without their consent, and in granting such consent congress has an absolute discretion to specify the cases and contingencies in which the liability of the government is submitted to the courts for judicial determination. Beyond the letter of such consent the courts may not go, no matter how beneficial they may deem, or in fact might be, their possession of a larger jurisdiction over the liabilities of the government.").

This immunity extends to suits for damages against Garland in his official capacity, because he is a federal official. *See Smith v. Cromer*, 159 F.3d 875, 879 (4th Cir. 1998) ("[A]n action seeking specific relief against a federal official, acting within the scope of his delegated authority, is an action against the United States, subject to the governmental privilege of sovereign immunity.").

And, as the Magistrate Judge explained, to the extent Staley brings a claim under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, *et seq.*, the federal government has waived its

4

immunity.  But, Staley has failed to allege she has exhausted her administrative remedies, as required.  *See Plyler v. United States*, 900 F.2d 41, 42 (4th Cir. 1990) (explaining statutes waiving sovereign immunity must be strictly enforced, and thus exhaustion of administrative remedies is jurisdictional and unwaivable).  The Magistrate Judge thus properly determined Staley has failed to satisfy the jurisdictional prerequisites for her FTCA claims.

Because the Magistrate Judge aptly determined the applicability of sovereign immunity to Staley's claims, the Court will thus overrule that objection, as well.  The Court notes, however, that even though Staley's complaint names only Garland in his official capacity, the Magistrate Judge considered whether she had stated a claim against him in his individual capacity or against DOJ.  As explained, Staley failed to state a *Bivens* claim or other cause of action against Garland in his individual capacity.

Third, Staley objects to the Magistrate Judge's determination that "she does not plausibly allege that the named defendants have violated any type of legally protected interest[—]whether constitutional or statutory[—]that could give rise to a legal cause of action."  Objections at 3 (quoting Report at 4).

The Magistrate Judge reasons that Staley "Plaintiff fails to plead any plausible facts that suggest how she knows that her house is bugged or that DOJ or the Attorney General are responsible for the activities of gang members or others that she believes are threatening her[.]"  Report at 4.  Staley contends Garland has failed to investigate her concerns despite her "plea[s] for help" over seventeen years.  Objections at 3.

The Supreme Court has "recognized that the Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty,

5

or property interests of which the government itself may not deprive the individual." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989).

Staley complains that Garland has failed to take affirmative steps to protect her and investigate her underlying concerns. For that reason, Staley has failed to show entitlement to relief.

After a thorough review of the Report and the record in this case under the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of the Court Staley's complaint is summarily **DISMISSED WITHOUT PREJUDICE** and without issuance and service of process.

**IT IS SO ORDERED**.

Signed this 3rd day of April 2023, in Columbia, South Carolina.

<u>s/ Mary Geiger Lewis</u>
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.